**HITT HILLER MONFILS WILLIAMS LLP**
SCOTT T. SCHAUERMANN
411 SW 2nd Ave, Ste 400
Portland, OR 97204
Telephone: 503.228.8870

**HUSCH BLACKWELL LLP**
WILLIAM CORUM, *Pro Hac Vice Forthcoming*
william.corum@huschblackwell.com
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: 816.983.8000
Facsimile: 816.983.8080

Attorneys for Defendant AEROTEK, INC.

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## TACOMA DIVISION

| | |
|---|---|
| JASON MOLLETT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AEROTEK, INC.; PINKERTON CONSULTING & INVESTIGATIONS, INC.; ELLIS & ASSOCIATES INVESTIGATIONS LLC; PARK PLAZA, LLC; EDWARD WAYNE RHOADS and ARLENE RHOADS, husband and wife, and their marital community; JOHN DOES 1-10; and ABC CORPORATIONS 1-10, unknown business entities,<br><br>Defendants. | CASE No. _____<br><br>**DEFENDANT AEROTEK, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)**<br><br>(Filed concurrently with the Notice of Removal; Notices of Interested Parties; Corporate Disclosure Statements; Civil Cover Sheet; and Declarations In Support of Removal) |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant Aerotek, Inc, through the undersigned counsel, hereby invokes the jurisdiction of the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and removes this action from the

1
DEFENDANTS AEROTEK, INC.'S NOTICE OF REMOVAL

Superior Court of the State of Washington for the County of Clark.  In support of this Notice of Removal, Aerotek states the following:[1]

## I. BACKGROUND AND PROCEDURAL HISTORY

1. On or about May 15, 2020, Plaintiff Jason Mollett ("Mollett") commenced this action against Defendants Aerotek, Inc. ("Aerotek"), Pinkerton Consulting & Investigations, Inc. ("Pinkerton"), Ellis & Associates Investigations LLC ("Ellis & Associates"), Park Plaza, LLC ("Park Plaza"), Edward Wayne Rhoads ("E. Rhoads"), Arlene Rhoads ("A. Rhoads"), and JOHN DOES 1-10, and ABC CORPORATIONS 1-10 (JOHN DOES and ABC CORPORATIONS jointly, "DOE Defendants") (all collectively, "Defendants") by filing a Complaint for Damages ("Complaint") in the Superior Court of the State of Washington for the County of Clark in the case entitled *Jason Mollett v. Aerotek, Inc., et al.,* Case No. 20-2-01086-06 ("Action").

2. As required by 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** (to be provided within 14 days pursuant to LCR 101(c))**,** and incorporated herein by reference, is a true and accurate copy of the case file from the Superior Court of the State of Washington for the County of Clark, as obtained by Defendants.  *See also* **Exhibit B**, Declaration of Scott Schauermann in Support of Defendant Aerotek, Inc.'s Notice of Removal.  Also attached hereto are declarations establishing that Park Plaza was fraudulently joined to the Action.  **Exh. C**, ¶6; **Exh. D**, ¶6; **Exh. E**, ¶8; **Exh. F**, ¶5; **Exh. G**, ¶12; The documents filed in the State Court Action are as follows:

- **Exhibit H**-Docket;
- **Exhibit I**-Complaint;

---

[1] Aerotek reserves the right to supplement this Notice with additional facts, affidavits, or memoranda if necessary to effectuate this removal.

- **Exhibit J**-Case Information Sheet, to be provided within 14 days pursuant to LCR 101(c);
- **Exhibit K** -Accurint Report Excerpts (redacted)
- **Exhibit L** -Voter Registration Information (redacted)
- **Exhibit G** -Declaration of Aerotek Representative
- **Exhibit D** -Declaration of Park Plaza Representative
- **Exhibit C** -Declaration of Pinkerton Representative
- **Exhibit E** -Declaration of Ellis & Associates Representative
- **Exhibit F** -Declaration of E. Rhoads on behalf of E. Rhoads and A. Rhoads
- **Exhibit M** -Danielle Gilbert Email to Plaintiff's Counsel
- **Exhibit N** -November 12, 2020 Letter from Plaintiff's Counsel
- **Exhibit O** -Plaintiff's Supplemental Responses to Requests for Admissions

3. Plaintiff served Defendant Aerotek with Summons and the Complaint on May 28, 2020.  *See* **Exh. A**, Proof of Service.

4. Plaintiff served Defendant Pinkerton with Summons and the Complaint on [date]. *See* **Exh. A** Proof of Service.

5. Plaintiff served Defendant Ellis & Associates with Summons and the Complaint on [date].  *See* **Exh. A**, Proof of Service.

6. Plaintiff served Defendant Park Plaza with with Summons and the Complaint on [date].   *See* **Exh. A**, Proof of Service.

7. Plaintiff served Defendants E. and A. Rhoads Summons and the Complaint on [date]. *See* **Exh. A**, Proof of Service.

8. To date, Plaintiff has not yet identified or served any of the DOE Defendants, who are sued under fictious names. *See* **Exh. I**, Compl. ¶ 2.5.

9.      In the Complaint, Plaintiff alleges the following causes of action: (1) Negligence and Gross Negligence (**Exh. I**, Compl. ¶¶ 5.1–5.2) ; (2) Assault/Negligent Infliction of Injury (Compl. ¶¶ 6.1–6.3); (3) Outrage (Compl. ¶¶ 7.1–7.2); (4) False Imprisonment (Compl. ¶¶ 8.1–8.2); (5) Negligent and Grossly Negligent Hiring, Training and Supervision of Employees and Agents (Compl. ¶¶ 9.1–9.2); and (6) Negligent and Grossly Negligent Monitoring and Evaluation of Employees and Agents (Compl. ¶¶ 10.1 – 10.2).

10.     In accordance with the Revised Code of Washington 4.28.360, Plaintiff did not allege an amount in controversy in the Complaint.  On November 12, 2020, Plaintiff served a letter on Defendants that stated Plaintiff's counsel admitted to the State court that the amount in controversy in this case exceeds $75,000, and served supplemental responses to requests for admissions that "Plaintiff subjectively believes that a jury could render a verdict in this matter between a combined total of $74,000.00 and $1.5 million." **Exhs. N, O.**

11.     As required by 28 U.S.C. § 1446(d), the undersigned counsel certifies that Aerotek will give written notice of the removal to Plaintiff's counsel and the Clerk of the Clark County Superior Court.

12.     Venue for this action lies in the United States District Court for the Western District of Washington under 28 U.S.C. § 1441 because it is the judicial district in which this action was filed and where the case is pending.

## II.     DIVERSITY JURISDICTION EXISTS

13.     A defendant may remove a state court action to federal district court where the district court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441.

14.     This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 because: (1) the amount in controversy exceeds the sum of $75,0000, exclusive of interest and costs; and (2) there is complete diversity of citizenship among Plaintiff and all properly joined Defendants.

This Action meets both requirements. As such, the Action is removable pursuant to 28 U.S.C. § 1441.

### A. The Properly Joined Parties are Citizens of Different States.

14. Citizenship of the parties is determined by their citizenship status at the commencement of the action and when the case is removed. *See* 28 U.S.C. § 1332(d)(7); *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131-32 (9th Cir. 2002).

#### 1. Plaintiff is a Citizen of Washington.

14. For the purposes of federal diversity jurisdiction, "state citizenship is . . . determined by . . . state of domicile," and that "[a] person's domicile is her permanent home, where she [or he] resides with the intention to remain or to which she [or he] intends to return." *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Lee v. BMW of N. Am., LLC*, No. 19-0722, 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019) (finding allegation in defendant's notice of removal, based only on plaintiff's statement of residence in the complaint, was sufficient to support removal based on diversity jurisdiction); *see also Coronel v. Ford Motor Co.*, No. CV 19-09841 DSF, 2020 WL 550690, at *2 (C.D. Cal. Feb. 4, 2020) (finding that allegation in defendant's notice of removal, based only on plaintiff's allegation in the complaint that plaintiff "is a resident of Los Angeles County, State of California," was sufficient to allege he was a California citizen).

15. Plaintiff alleges in the Complaint that he is "a resident" of Clark County in Washington. *See* **Exh. C**, Compl., ¶ 1.1. Plaintiff's allegations of Washington residency are *prima facie* evidence of Washington domicile and citizenship. *See Lee*, 2019 WL 6838911, at *2. In addition, Plaintiff is an active registered voter in Clark County, Washington. **Exh L**. Consequently, Aerotek is informed and believes, and on that basis alleges, that Plaintiff was a Washington citizen

at all times relevant to this Action for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1).[2]

### 2. Properly Joined Defendants are Not Citizens of Washington.

15. For purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and where its principal place of business is located. 28 U.S.C. § 1332(c).

16. A corporation's principal place of business is determined by the "nerve center" test, which looks to where the corporation maintains its corporate headquarters and where the corporation's officers direct, control, and coordinate the corporation's activities *Hertz Corp. v. Friend*, 559 U.S. 77, 90-94 (2010).

17. Plaintiff correctly states in his Complaint that Aerotek is incorporated in Maryland and incorrectly states that Aerotek's "principal offices" are in Washington  *See* **Exh. I**, Compl. ¶ 1.2.

18. Aerotek is a Maryland corporation with its principal place of business in Maryland, making it a citizen of Maryland. *See* 28 U.S.C. § 1332(c)(1). Attached hereto as **Exhibit G** is the Declaration of Sheila Simmons attesting that Maryland is the state of incorporation and the principal place of business of Aerotek. *See* **Exh. G,** Simmons Decl. ¶¶ 4–5.

19. Plaintiff correctly states in his Complaint that Pinkerton is incorporated in Delaware and incorrectly states that Pinkerton's "principal offices" are in Washington  *See* **Exh. I**, Compl. ¶ 1.3.

---

[2] Even if the allegation of residency alone were insufficient for citizenship, a reasonable investigation of publicly available information demonstrates that Plaintiffs is, and was at the time of filing of this action, a citizen and resident of Washington for purposes of 28 U.S.C. § 1332. *See* **Exh. B**, Schauerman Decl.,¶ __.

20.     Pinkerton is a Delaware corporation with its principal place of business in Ann Arbor, Michigan, making it a citizen of Delaware and Michigan.  *See* 28 U.S.C. § 1332(c)(1). Attached hereto as **Exhibit C** is the Declaration of Adam Bloomenstein attesting that Delaware and Michigan, respectively, are the states of incorporation and the principal place of business of Pinkerton.  *See* **Exh. C,** Bloomenstein Decl. ¶¶ 3–4.

21.     Plaintiff correctly states in his Complaint that Ellis & Associates is incorporated in Oregon and that its principal place of business and members are in Oregon  *See* **Exh. I**, Compl. ¶ 1.4; *see* **Exh. E,** Ellis Decl. ¶¶ 3–5.

22.     Plaintiff correctly states in his Complaint that Park Plaza is incorporated in Washington, and its principal offices and sole member are in Washington. *See* **Exh. I**, Compl. ¶ 1.5; *see* **Exh. D,** Bunday Decl. ¶¶ 3–4.  However, as discussed below, Park Plaza's citizenship must be disregarded because Park Plaza was fraudulently joined to the lawsuit.

23.     Plaintiff correctly states in his Complaint that E. Rhoads and A. Rhoads are "residents" of Oregon. *See* **Exh. I**, Compl. ¶ 1.6.  E. Rhoads and A. Rhoads are both citizens of the State of Oregon.  *See* **Exh. F,** Rhoads Decl. ¶¶ 2.

**4.     DOE Defendants' Citizenship is Not Considered.**

24.     The DOE Defendants' citizenship must be disregarded for purposes of determining complete diversity of citizenship for 28 U.S.C. § 1332.  28 U.S.C. § 1441(b) (stating that for determining removal for purpose of 28 U.S.C. § 1332 "the citizenship of defendants sued under fictitious names shall be disregarded"); *see also  Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (holding that "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named

7
DEFENDANT AEROTEK, INC.'S NOTICE OF REMOVAL

defendant."). Here, Plaintiff has not moved to substitute any DOE Defendant for a named defendant, and thus, the Court must disregard the citizenship of the DOE Defendants for removal purposes.[3]

### 5. Park Plaza's Citizenship Must be Disregarded because it is Fraudulently or Improperly Joined

25. Park Plaza was fraudulently or improperly joined to this lawsuit, therefore its citizenship must be disregarded for purposes of determining whether complete diversity of citizenship exists.

26. A defendant may establish fraudulent joinder in one of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548–49 (9th Cir. 2018).

27. The "defendant seeking removal is entitled to present the facts showing the joinder to be fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (citation omitted). When determining whether a defendant is fraudulently joined, the court may "'pierc[e] the pleadings' and 'consider[] summary judgment-type evidence such as affidavits and deposition testimony.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (quoting *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)); *see also In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 2002 WL 34418423, at *1 (W.D. Wash. Nov. 27,

---

[3] The allegations against the DOE Defendants are so general that Aerotek cannot ascertain the identity, citizenship, or relation to the Action of these individuals, such that they should be considered for jurisdictional purposes. *See* **Exh. I**, Compl. ¶¶ 10, 11, 14, 15, 16, 17, 28; *see also Haapa v. Life Care Centers of Am., Inc.*, 2010 WL 1333485, at *3 (W.D. Wash. Mar. 30, 2010) (citing 28 U.S.C. § 1441(a)) ("Because Defendants "John Doe" and "Jane Doe" are being sued under fictitious names, as Plaintiff has not yet ascertained their true names, their citizenship as it pertains to diversity is disregarded."). As such, they must be disregarded.

DEFENDANT AEROTEK, INC.'S NOTICE OF REMOVAL

2002) (noting with fraudulent joinder defendant is entitled to pierce the pleadings and supply summary-judgment type evidence).

28. Similarly, the United States Supreme Court has held that a removing defendant may submit facts that demonstrate a resident defendant "had no real connection with the controversy." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

29. If there is no possibility that the State court would recognize a valid cause of action against the non-diverse defendant, then the defendant has been fraudulently joined and must be ignored for the purposes of diversity jurisdiction. *See, e.g., Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318–19 (9th Cir. 1998). When a removing party establishes fraudulent joinder, the Court has no authority to remand the action based on the possibility that future discovery may reveal a factual basis for a claim. *See TPS Utilicom Servs., Inc.*, 223 F. Supp. 2d 1089, 1102 (C.D. Cal. 2002) (plaintiff "cannot resist the fraudulent joinder analysis by arguing that future discovery might turn up a factual basis for alleging unfair practices or interference with prospective economic advantage against these resident defendants."); *DaCosta v. Novartis AG*, 180 F. Supp. 2d 1178, 1183 (D. Or. 2001) (citing *Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 393–94 (5th Cir.)) ("When a removing party presents evidence that establishes a claim of fraudulent joinder, however, the Court has no authority to grant a motion to remand based on the possibility that future discovery may reveal a factual basis to dispute the unchallenged evidence of record.").

30. If the facts reveal that joinder is fraudulent, the individual defendant may be dismissed from the action under Rule 21 of the Federal Rules of Civil Procedure: "[o]n motion or <u>on its own</u>, the court may at any time, on just terms, add or drop a party." *See Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 248–49 (E.D. Cal. 1992) (dismissing individual defendants because they were fraudulently joined as defendants) (emphasis added); *Maffei v. Allstate California Ins. Co.*,

9
DEFENDANT AEROTEK, INC.'S NOTICE OF REMOVAL

412 F. Supp. 2d 1049, 1053 (E.D. Cal. 2006) (holding that if the court finds that joinder is fraudulent, "the defendant may be dismissed from the action under Rule 21").

31. Plaintiff's causes of action against Defendants all arise from an incident during which E. Rhoads purportedly got into a physical altercation with Plaintiff. These causes of action as to Park Plaza hinge on Plaintiff's contention that there is some sort of agency or employment relationship between Park Plaza and E. Rhoads. Plaintiff alleges two basic categories of purported liability against Defendants: (1) Plaintiff was physically and mentally injured by a physical altercation with Defendants' employee or agent, E. Rhoads **Exh. I**, Compl. ¶¶ VI (assault/negligent infliction of injury), VII (outrage), VIII (false imprisonment); and (2) Defendants' purportedly improper hiring, training, supervision, and/or monitoring of Defendant E. Rhoads **Exh. I**, Compl. ¶¶ IX (negligent and grossly negligent hiring, training and supervision of employees and agents), X (negligent and grossly negligent monitoring and evaluation of employees and agents). As shown below, there is no possibility that the State would recognize a valid cause of action against the non-diverse defendant, Park Plaza.

32. After Plaintiff was terminated from his employment with Plaintiff, he insisted on picking up his final paycheck in person at Aerotek's field office located in Park Plaza's building. **Exh. G**, ¶ 7. Aerotek sought Pinkerton's services because Plaintiff had made several Aerotek employees fear for their safety due to his behavior while employed by Aerotek. **Exh. G**, ¶¶ 7–8. Aerotek requested that Pinkerton provide security services on May 15, 2018—the day Plaintiff planned to retrieve his final paycheck from Aerotek's office. **Exh. G**, ¶ 8. Pinkerton then hired Ellis & Associates to provide Aerotek with security services. **Exh. G,** ¶ 9; **Exh. C**, ¶ 5; **Exh. E**, ¶ 7; **Exh.**

**F**, ¶ 4. Ellis & Associates assigned their employee E. Rhoads to provide the security services. **Exh. E**, ¶ 7; **Exh. F**, ¶ 4.

33.    With regard to Park Plaza, Plaintiff states in his Complaint that "PARK PLAZA owned the premises where the tortious acts occurred and/or contracted or assigned Defendant Rhoads, directly or indirectly, to provide security service to Defendant PARK PLAZA or Defendant Aerotek on May 15, 2018." **Exh. I.**, Compl. ¶ 3.14.  Plaintiff then proceeds to assert every pleaded cause of action against Park Plaza based on the unsupported belief that Park Plaza was "directly or indirectly" involved in hiring security and/or that E. Rhoads was every other Defendant's agent or employee. **Exh. I.**, Compl. ¶ 3.14.  These allegations are demonstrably false.

34.    Park Plaza had nothing to do with hiring, training, supervising, monitoring, assigning, or evaluating E. Rhoads.  Park Plaza merely owns the property where the incident at issue occurred. **Exh. G**, ¶¶ 12-13; **Exh. D**, ¶¶6-8.   **Exh. C**, ¶¶ 6; **Exh. E**, ¶¶7-8.   **Exh. F**, ¶¶7-8. Park Plaza and its agents were not involved in any way in hiring or otherwise seeking the security services of Pinkerton, Ellis & Associates, or E. Rhoads. **Exh. G**, ¶¶12-13. **Exh. D**, ¶¶6-8. **Exh. E**, ¶¶7-8. **Exh. F**, ¶¶7-8. Park Plaza was not aware that Pinkerton, Ellis & Associates, and/or E. Rhoads provided security services at the Building on May 15, 2018 until Plaintiff's lawsuit was served on Park Plaza. **Exh. G**, ¶¶13.   **Exh. D** , ¶¶9.

35.    Defendants' discovery responses and the attached Declarations support that Park Plaza had zero role in hiring Pinkerton, Ellis & Associates, or E. Rhoads.  Park Plaza in its responses to Plaintiff's discovery requests states, "Park Plaza and its agents were not involved in any way in the Incident" no less than 36 times. **Exh. D**. Pinkerton in its responses to Plaintiff's discovery requests state that Aerotek, not Park Plaza, requested the security services. **Exh. D**, ¶ 28.

36.    Each of Plaintiff's causes of action rely on the allegation that Park Plaza had some sort of agency, employment, or *respondeat superior* relationship with E. Rhoads.  Aerotek and Park

11

DEFENDANT AEROTEK, INC.'S NOTICE OF REMOVAL

Plaza's counsel informed Plaintiff's counsel of Park Plaza's lack of connection to the Action several times via phone, and also in correspondence dated November 2, 2020.[4] **Exh. M**. Plaintiff's counsel nevertheless has refused to dismiss Park Plaza as a defendant. This is despite Plaintiff being unable to produce a single piece of evidence indicating Park Plaza was involved in the hiring or supervision of E. Rhoads. Further, it is unanimously agreed upon by Defendants that Park Plaza was not involved in the hiring or supervision of E. Rhoads, or the incident in general. Plaintiff therefore cannot demonstrate the requisite agency or employment relationship between Park Plaza required to establish any of his causes of action against Park Plaza.

37. In conclusion, Park Plaza and the DOE Defendants must be disregarded for purposes of determining diversity of citizenship. The properly joined Defendants are citizens of Maryland, Delaware, Michigan, New York, and Oregon. Plaintiff is a citizen of Washington. Thus, complete diversity of citizenship exists for purposes of § 1332(a)(1).

**B.    The Amount in Controversy Requirement is Satisfied**

38. The federal diversity jurisdiction statute, *see* 28 U.S.C. § 1332(a), provides that the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." The amount in controversy is assessed "at the time of removal." *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)); *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (recognizing that assessing the amount-of-controversy requirement "at the time of removal" means considering "damages that are claimed at the time the case is removed by the defendant" and does

---

[4] "As discussed before, Park Plaza does not have a factual connection to this case apart from being the landlord of the building where the incident occurred. They did not have any involvement in hiring the security company or guards here. We believe that Park Plaza's discovery responses support this." **Exh. D**.

*not* mean "that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy").

39. To establish the amount in controversy, a defendant may rely on many different types of evidence. *Flores v. Safeway, Inc.*, 2019 WL 4849488, at *3 (W.D. Wash. Oct. 1, 2019) (citing 14AA Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3702.3 (4th ed. 2019)). "A particularly powerful form of evidence is the plaintiff's own statements about the damages they seek." *Id.* (citing, *e.g.*, *Cohn v. Petsmart, Inc.*, 281 F.3d 839, 840 (9th Cir. 2002) (denying remand because the plaintiff said in a demand letter that his trademark was worth more than $100,000)); *Cruz v. Wal-Mart Stores, Inc.*, 2017 WL 3394308, slip op. at 2 (D. Nev. 2017) (determining the amount in controversy by looking to an expenses table the plaintiff included in her request for exemption from arbitration); *Vitale v. Celadon*, 2017 WL 626356, slip op. at 3 (C.D. Cal. 2017) (holding that a damages estimate in a mediation brief is relevant evidence of the amount in controversy)). As this Court stated last year, "The relevance of such evidence should be obvious: 'In a case for money damages . . . the appropriate focus in determining the amount in controversy is on plaintiff's assessment of the value of her case,' and the best evidence of that assessment is usually the plaintiff's own statements." *Flores*, 2019 WL 4849488, at *3 (quoting *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428 (7th Cir. 1997)); *see also Haapa v. Life Care Centers of Am., Inc.*, 2010 WL 1333485, at *3 (W.D. Wash. Mar. 30, 2010).

40. A defendant must only make a "plausible allegation" of the amount in controversy. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). The Ninth Circuit employs "a preponderance of the evidence standard when the complaint does not allege a specific amount in controversy." *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400–01 (9th Cir. 2010). Under the "preponderance of the evidence" standard, the amount in controversy can

incorporate assumptions, including the maximum amount "put into issue," as "the amount in controversy is simply an **estimate** of the **total** amount in dispute." *Id.* at 400–01 (emphasis added).

41. In accordance with the Revised Code of Washington 4.28.360, Plaintiff did not allege an amount in controversy in the Complaint. On November 12, 2020, Plaintiff first served papers from which it could first be ascertained that the amount in controversy exceeds $75,000. **Exh. N**, Specifically, Plaintiff served a letter identifying that the amount in controversy in this case exceeds $75,000. That same day, Plaintiff served supplemental responses to requests for admissions that "Plaintiff subjectively believes that a jury could render a verdict in this matter between a combined total of $74,000.00 and $1.5 million." **Exhs. N, O**.

42. Aerotek timely filed this Notice of Removal because it is filed within 30 days of Defendants for the first time receiving of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. *See* 28 U.S.C. §§ 1446(b)(3), 1446(c)(3)(A).

43. Although Aerotek denies Plaintiff's factual allegations and denies he is entitled to any of the relief he seeks, it is clear that Plaintiff has put into controversy an amount "more likely than not" in excess of $75,000, exclusive of interest and costs.

### III. CONSENT FROM DEFENDANTS

44. The defendant unanimity rule codified at 28 U.S.C. § 1446(b)(2)(A) requires that all defendants who have been properly joined and served must join in or consent to the removal of the action. *See Baiul v. NBC Sports, a division of NBCUniversal Media, LLC*, 732 F. App'x 529, 531 (9th Cir. 2018).

45. Defendants have each consented to the removal of this action. **Exh. C**, ¶7; **Exh. E**, ¶9; **Exh. F**, ¶9; **Exh. D**, ¶10. Park Plaza is not a properly joined party and is not required to join in

the notice of removal.  Nevertheless, Park Plaza has declared that it does not oppose, and consents to, the removal of this action. *See* **Exhibit D**, ¶ 10.

## IV. CONCLUSION

46. Accordingly, the properly joined parties are completely diverse and Plaintiff's claims place more than $75,000.00 in controversy.  For those reasons, this case is properly removed to this Court under 28 U.S.C. §§ 1332(a) and 1441.

47. As required by 28 U.S.C. § 1446(a), Aerotek attaches a copy of the state court file, which includes any and all process, pleadings, and orders served upon it, as **Exhibit A.**

48. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Aerotek will (1) give notice to Plaintiff, and (2) file a copy of the Notice of Removal with the Superior Court of the State of Washington of the County of Clark.  Aerotek has complied with all other requirements of § 1446 for removing this action.

49. Aerotek reserves the right to amend or supplement this Notice of Removal.

50. Aerotek reserves any and all defenses to the claims alleged by Plaintiff.

WHEREFORE Aerotek removes this action from the Superior Court of the State of Washington for the County of Clark, to the United States District Court for the Western District of Washington, Tacoma Division, for the exercise of jurisdiction over this action as though this action had originally been instituted in this Court.

DATED: November __30__, 2020          HITT HILLER MONFILS WILLIAMS LLP

                              By: *s/ Scott T. Schauermann*
                                  SCOTT T. SCHAUERMANN
                                  Attorney for Defendants AEROTEK, INC. and
                                  PARK PLAZA, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2020, I electronically filed the foregoing DEFENDANT AEROTEK, INC.'S NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF e-filing system which will send a notifications of such filing to the persons below:

Nicole T. Dalton
Dalton Law Office PLLC
2904 Main Street
Vancouver, WA 98663

S. Karen Bamberger
Bretts Patterson Mines
One Convention Place
701 Pike Street, Suite 1400
Seattle, WA 98101

John Barhoum
Chock Barhoum LLP
121 SW Morrison Street, Suite 415
Portland, OR 97204

- ☐ Via hand delivery
- ☐ Via first class mail
- ☐ Via email
- ✓ CM/ECF e-filing

I certify under penalty of perjury under the laws of the state of Washington on November 30, 2020, at Portland, Oregon.

*s/ Scott T. Schauermann*_____
SCOTT T. SCHAUERMANN
Attorney for Defendants AEROTEK, INC. and PARK PLAZA, LLC