UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON MOLLETT, an individual, | CASE NO. C20-6168 RSM |
| Plaintiff, | ORDER |
| v. | |
| AEROTEK, INC., et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Protective Order Staying Discovery and Continuing Case Deadlines. Dkt. #16. Plaintiff filed his motion after this case was removed from state court and in advance of an anticipated motion for remand.[1] In his motion, Plaintiff expressed concern that requiring the parties to proceed with Federal Rule of Civil Procedure 26 requirements would be unnecessarily duplicative if remand was ultimately granted. Additionally, Plaintiff indicated that some initial discovery had already occurred under applicable state court rules and that he, at least,[2] had served some discovery requests while the

---

[1] That motion for remand has since been filed. *See* Dkt. #25.

[2] The record does not appear to reflect that Defendants served any discovery requests on Plaintiff.

ORDER – 1

action was proceeding in state court. Dkt. #16 at 4–5. Plaintiff's motion requested that the Court stay discovery pending resolution of the anticipated motion for remand.

Defendants responded and objected, to the extent the motion sought a protective order, because the meet and confer required by local rule had not occurred but otherwise did not object to continuing the initial case deadlines. Dkts. ##17–18. Plaintiff replied, indicating that an after-the-fact meet and confer was held after counsel was alerted to the issue and that the parties agreed to seek to extend initial case deadlines but that they were unable to agree on a stay of discovery. Dkt. #19. At the administrative request of the parties, the Court subsequently continued the initial scheduling dates set in its Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement. *See* Dec. 17, 2020 docket entry. The earliest of those deadlines is now February 12, 2021. *Id.*

On December 23, 2020, and after briefing on the motion was complete, Defendant Park Plaza, LLC filed responses to discovery requests that the Court assumes were served by Plaintiff in the state court action. Dkt. #20. This filing was not in accordance with the Court's local rules, which provide that "Rule 26 initial disclosures and discovery requests and responses must not be filed unless they are used in the proceedings or the court orders filing." Local Rules W.D. Wash. LCR 5(d). Nevertheless, the intent behind the filing was apparent as they lodged an objection to the effect that removal nullified the prior state court discovery requests, that Plaintiff had himself sought a stay of discovery, and that Federal Rule of Civil Procedure 26 does not, in the normal course, permit discovery until after the parties have held a Rule 26(f) conference. Dkt. #20.

On December 30, 2020, Plaintiff filed his motion for remand. Dkt. #25. That motion is noted for the Court's consideration on January 22, 2021. *Id.*

Having slogged through the quagmire of facts relevant to this matter, the Court addresses the core questions presented by Plaintiff's motion. The request for a continuance of the initial

ORDER – 2

case deadlines is no longer pertinent. Those dates have been extended and Plaintiff's motion for remand has been filed. To the extent another extension is necessary prior to the Court resolving the motion for remand, one may be sought at the appropriate time. The request is denied as moot.

The request for a stay of discovery also appears moot. The Court does not find that Plaintiff's motion violates Local Rule 26(c)(1)'s requirement that the parties meet and confer before filing motions for protective orders as no discovery requests had been served on Plaintiff.[3] Nor were any discovery requests forthcoming. Whatever the propriety of Defendant Park Plaza, LLC filing discovery responses, it is correct that Rule 26(d)(1) does not permit for parties to pursue discovery at this stage of the federal action. *See* FED. R. CIV. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."). As no discovery requests have been served on Plaintiff and, by rule, may not be served at this stage, his request for a stay of discovery is moot and the Court denies it as such.[4]

Accordingly, having reviewed Plaintiff's motion, the parties' briefing, and the remainder of the record, the Court finds and ORDERS that Plaintiff's Motion for Protective Order Staying Discovery and Continuing Case Deadlines (Dkt. #16) is DENIED as moot.

Dated this 25th day of January, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The Court does not intend to bless a position requiring fewer meet-and-confers between counsel and finds only in this circumstance that the requirement of a meet and confer is not an independent basis for denying Plaintiff's motion.

[4] To the extent Plaintiff's state court discovery requests remain pending, Plaintiff may, of course, release Defendants from any possible continuing obligation to respond to those requests.

ORDER – 3