UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON MOLLETT,

Plaintiff,

v.

AEROTEK, INC., et al.,

Defendants.

CASE NO. C20-6168 RSM

ORDER

## I. INTRODUCTION

This is a state law tort action where Plaintiff claims that he was assaulted and suffered economic damages of $5,456.44. Defendant removed the action to this Court on the basis of diversity between Plaintiff and non-fraudulently joined defendants and an amount in controversy of more than $75,000. Plaintiff argues that there is not complete diversity and that defendants have failed to demonstrate a controversy of more than $75,000. Ultimately, the Court finds that defendants, despite a meritous argument, have not carried their burden and remands the action.

## II. BACKGROUND

**A. Factual Background**

Plaintiff Jason Mollett ("Plaintiff") worked as a temporary employee for Defendant Aerotek Inc. ("Aerotek") but was let go after engaging in behavior that others perceived as

ORDER – 1

threatening. After his employment was terminated, Plaintiff indicated his intent to collect his final paycheck from an Aerotek office located in a building owned by Defendant Park Plaza ("Park Plaza"). Because of Plaintiff's prior threatening behavior, Aerotek contracted with Defendant Pinkerton Consulting & Investigations, Inc. ("Pinkerton") for security services on the day Plaintiff was to visit. Pinkerton in turn subcontracted with Defendant Ellis & Associates Investigations LLC ("E&A") and E&A assigned its employee, Defendant Edward Wayne Rhoads ("Rhoads").

During the course of Plaintiff's visit to Aerotek's offices, a verbal altercation between Plaintiff and Rhoads began. The altercation became physical and ended after Rhoads pushed Plaintiff backward down a flight of stairs, kicked Plaintiff while he was on the ground, and subsequently choked Plaintiff until he was unconscious. As a result of the assault, Plaintiff required medical treatment at a total cost of $5,456.44.

**B. Procedural Background**

Plaintiff initiated this action in state court asserting claims of (1) Negligence/Gross Negligence; (2) Assault/Negligent Infliction of Injury; (3) Outrage; (4) False Imprisonment; (5) Negligent and Grossly Negligent Hiring, Training, and Supervision of Employees and Agents; and (6) Negligent and Grossly Negligent Monitoring and Evaluation of Employees and Agents. Dkt. #1-9. Plaintiff sought to recover his economic losses and compensation for his general damages—pain, suffering, and mental anguish. Pursuant to Washington law, the complaint did "not contain a statement of the damages sought." WASH. REV. CODE § 4.28.360.

Plaintiff accomplished service of the state-court action on all defendants, including Aerotek, by May 28, 2020. Dkt. #26-2 at 1–3. Defendants, preferring to litigate in federal court, sought to determine the amount in controversy and whether the action could fall within the Court's limited diversity jurisdiction. Defendants, also pursuant to state law, requested a

ORDER – 2

statement of damages "setting forth separately the amounts of any special damages and general damages sought." WASH. REV. CODE § 4.28.360; Dkt. #31-6. Plaintiff disclosed special damages of $5,456.44 but, aware of the potential for removal from his preferred venue, resisted setting a value on his general damages. Dkt. #26-7. Aerotek responded by serving requests for admission as to the value of Plaintiff's claims, and Plaintiff objected. Dkt. #26-8 (Requests for Admissions); Dkt. #26-9 (Plaintiff's Objections). Aerotek threatened to file a motion to compel Plaintiff's complete responses to its request for a statement of damages and to its requests for admission, Dkt. #31-12, and the parties conferred. After the parties' conference, Plaintiff's counsel responded with a November 12, 2020 letter indicating that "[she had] informed [defense] counsel that our claim was in excess of $75,000." Dkt. #31-15 at 1. Plaintiff's counsel further concluded that "the amount in controversy would appear to be over $75,000.00." *Id.* In contemporaneous supplemental responses to requests for admission, Plaintiff shared his subjective belief "that a jury could render a verdict in this matter between a combined total of $74,000 and $1.5 million." Dkt. #31-16. Aerotek responded by filing its November 30, 2020 notice of removal. Dkt. #1.

### III. DISCUSSION

**A. Removal Generally**

When a case falling within the original jurisdiction of the United States district courts[1] is filed in state court, the defendant may remove the action from state court to the appropriate district court. 28 U.S.C. § 1441(a). Typically, the Court presumes "'that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th

---

[1] Jurisdiction supporting removal is often premised on a complaint raising a federal question or on complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. 28 U.S.C. §§ 1331, 1332(a).

ORDER – 3

Cir. 2009). As such, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

**B. Whether Removal Was Appropriate**

Aerotek maintains that this matter is properly removed to federal court as it falls within the Court's limited diversity jurisdiction. Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and that the amount in controversy exceed $75,000. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Plaintiff alleges that Aerotek fails to establish either prong of the jurisdictional inquiry. However, the Court finds the amount in controversy is determinative and therefore considers it first.

**1. Amount in Controversy**

To establish the amount in controversy, the Court first looks to the face of the operative complaint. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson*, 319 F.3d at 1090 (citations omitted). To carry its burden, the removing party "must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). To establish the amount in controversy, the Court considers "facts presented in the removal petition" and relevant "summary judgment-type evidence." *Matheson*, 319 F.3d at 1090–91 (citations omitted).

The Court concludes that Aerotek has not carried its burden here. Aerotek points to Plaintiff's counsel's November 12, 2020 letter and Plaintiff's supplemental responses to defendants' requests for admission as Plaintiff's own statement of the amount in controversy. Dkt. #31 at 9–13 (relying on *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). At first, Aerotek's reliance on *Cohn* appears persuasive as *Cohn* concluded that a plaintiff's valuation of his claim, included in a settlement demand, was "undisputed evidence [] that [the plaintiff] value[d] his trademark rights—the object of the litigation—as worth more than $100,000." *Cohn*, 281 F.3d at 840. Similarly, Plaintiff communicates that his claims exceed $75,000 in this matter and likely range between $74,000 and $1.5 million.

However, *Cohn* also notes that the settlement demand "appeared to reflect a reasonable estimate of the plaintiff's claim." *Id.* at 840 (citing *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428–30 (7th Cir. 1997); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994); *Wilson v. Belin,* 20 F.3d 644, 651 n. 8 (5th Cir.1994)). Decisions applying *Cohn* within the state and district have unsurprisingly gone both ways. Aerotek relies on *Flores v. Safeway, Inc.*, where the Court found that a statement of damages setting forth specific categories of damages totaling $89,651.50 was an appropriate basis upon which to determine that the amount in controversy exceeded $75,000. Case No. 19-cv-825-JCC, 2019 WL 4849488, at *3 (W.D. Wash. Oct. 1, 2019). Conversely, Plaintiff finds support in *Keodalah v. Allstate Ins. Co.*, where the Court concluded that a pre-filing settlement demand indicating that plaintiff would accept the sum of $500,000" was not sufficient because nothing demonstrated that it was a reasonable figure. Case No. 15-cv-1412-RAJ, 2016 WL 4543200 at *1, *3–4 (W.D. Wash. Mar. 25, 2016) (evidence did "not allow the Court to determine the reasonableness of the amount demanded").

ORDER – 5

Here, the Court concludes that Aerotek has not carried its burden. Communications of case values between counsel can reflect a number of strategies and do not necessarily reveal the reasonable amount in controversy. *Keodalah*, 2016 WL 4543200 at *3. Similarly, the vast range of damages contemplated by Plaintiff's responses to Aerotek's requests for admission do not aid Aerotek in establishing that the preponderance of the evidence reveals that the amount in controversy exceeds $75,000. Plaintiff has sought $5,456.44 in special damages. Plaintiff indicates a belief that general damages will range from more than 12 to more than 274 times special damages. *See Cadenas v. Union Pac. R.R.*, Case No. 10-cv-5089-RJB, 2010 WL 890046, at *2 (W.D. Wash. Mar. 9, 2010) (using ten times special damages as a generous estimate of general damages and concluding amount in controversy did not exceed $75,000). The Court simply cannot conclude, on this record, that the amount in controversy exceeds $75,000.

The Court also notes that its decision is bolstered by several important policies. First, the Court notes the presumption against removal and the principle that close cases be resolved in favor of remand.[2] *Gaus*, 980 F.2d at 566. Second, the Supreme Court has noted that the purpose

---

[2] The Court notes that the parties dispute other issues weighing on whether removal was proper.

First, the parties dispute whether the thirty-day clock for filing a notice of removal began to run when the defendants were served with Plaintiff's complaint or whether Plaintiff's November 12, 2020 letter and responses to requests for admission started a new thirty-day clock. Dkt. #25 at 10–11; Dkt. #31 at 8. Without considering the issue in depth, the Court notes that the claims and specific damages at issue have not changed since the complaint was served and the only new development is Plaintiff's November 12, 2020 estimate of general damages.

Second, the parties dispute whether Park Plaza, a citizen of Washington, is a properly joined defendant that destroys diversity jurisdiction or a defendant that Plaintiff fraudulently joined to destroy diversity. Dkt. #25 at 18–23; Dkt. #31 at 13–20. Plaintiff maintains that it has properly alleged Park Plaza's negligence in permitting an invitee to be assaulted on the premises and that Park Plaza took at least some action to assure the safety of invitees in its common areas. Dkt. #25 at 8 (Plaintiff indicating that at least some security cameras have been installed in the common areas of Park Plaza); *see also McKown v. Simon Prop. Grp., Inc.*, 182 Wash.2d 752, 765 (2015) (landowner has a duty to protect invitees from foreseeable harms of third parties); *Allen v. Boeing Co.*, 784 F.3d 625, 634 (9th Cir. 2015) (noting that remand is appropriate if the

ORDER – 6

served by Congress's periodic increases to the jurisdictional threshold is "to ensure that a dispute is sufficiently important to warrant federal-court attention."[3] *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) (quoting *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 548 (2005)). Third, parties may not waive the amount in controversy requirement as it is jurisdictional, and district courts must therefore play some role in determining the reasonable amount in controversy regardless of a plaintiff's representations.[4] *Ragano v. Urb. Fulfillment Servs. LLC*, Case No. 16-cv-479-BR-JPRX, 2016 WL 1610594, at *2 (C.D. Cal. Apr. 21, 2016) (citing 28 U.S.C. § 1332(a)). Fourth, the Court notes legal commentary bemoaning the expense, delay, and complexity resulting from litigation related to determining the amount in controversy—a nonmerit issue. *See* 14AA Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure Jurisdiction* § 3702.1 (4th ed.).

**2. Attorneys' Fees**

"An order remanding a removed case to state court 'may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) (citing 28 U.S.C. § 1447(c)). "Absent unusual

---

complaint possibly states a state law cause of action against the allegedly fraudulently joined defendant).

Because the Court finds the amount in controversy determinative, the Court does not consider the additional jurisdictional issues beyond their existence and non-frivolous nature.

[3] *See also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) (noting the Supreme Court's conclusion that Congress has jealously restricted diversity jurisdiction, "relieving the federal courts of the overwhelming burden of 'business that intrinsically belongs to the state courts' in order to keep them free for their distinctive federal business") (quoting *Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 76 (1941) (citing Henry J. Friendly, *The Historic Basis of Diversity Jurisdiction,* 41 HAR. L. REV. 483, 510 (1928))).

[4] A plaintiff's unrealistic valuation of the plaintiff's own case cannot alone create subject matter jurisdiction in the federal courts.

ORDER – 7

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.

Plaintiff requests that the Court award of attorneys' fees. Dkt. #25 at 23–24. However, the Court does not find that defendants lacked an objectively reasonable basis on which to attempt removal. The Court denies Plaintiff's request for an award of attorneys' fees.

## IV. CONCLUSION

Having considered Plaintiff's motion, the relevant briefing and evidence, and the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiff's Motion to Remand (Dkt. #25) is GRANTED in part.
2. This case is hereby REMANDED to the Superior Court of Washington State in and for Clark County.
3. Plaintiff's request for an award of attorneys' fees is DENIED.
4. This matter is now CLOSED.

Dated this 5th day of May, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 8